IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHERINE YANG WANG ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEBRASKA, et al.,<br><br>Defendants. | 4:17-CV-3073<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the motion to dismiss filed by the Christian Heritage Children's Home (filing 280). That motion will be granted in part and denied in part.

## I. BACKGROUND

The plaintiff, Catherine Yang Wang Anderson (Wang Anderson) is the mother of two girls, X.C.W. and Y.C.W. Filing 154 at 2. Wang Anderson's husband, Bo Wang (Wang) is their father. Filing 154 at 2. X.C.W. was a minor when this case was filed, and Wang Anderson sued both in her own capacity and as "next friend" of X.C.W. Filing 154 at 2.

Very generally, Wang Anderson alleges that X.C.W. was unlawfully made a ward of the State of Nebraska and held by the State against her will. Filing 154 at 2. But it was Y.C.W. who first drew the attention of authorities: she reported to school officials on October 8, 2013 that Wang Anderson had threatened her. Filing 154 at 28. Based on Y.C.W.'s report that she didn't feel safe going home, sheriff's officers removed Y.C.W. from Wang Anderson's residence. Filing 154 at 33.

One of the sheriff's deputies observed that when Wang Anderson answered the door, she was wearing a rubber glove, and suspected that Wang Anderson might be mentally ill. Filing 154 at 29-31. Investigators from the Nebraska Department of Health and Human Services went to Wang Anderson's residence that evening, and reported hazardous conditions. Filing 154 at 35. So, after X.C.W. went to school the next day, she was also placed in the temporary custody of the state. Filing 154 at 36.

X.C.W. and Y.C.W. were placed with the same foster parent. Filing 154 at 34, 37. That foster parent was allegedly employed by Christian Heritage, a Nebraska nonprofit corporation that provides foster care and social services. Filing 154 at 5, 17. Respite care for Y.C.W. was provided by another woman, who *may* have been employed by Christian Heritage. Filing 154 at 18.

A juvenile proceeding was initiated in the Separate Juvenile Court of Douglas County, Nebraska. Filing 154 at 44. The petition alleged—Wang Anderson says wrongly—that X.C.W. and Y.C.W. had been subjected to inappropriate discipline, not provided with safe housing, deprived of proper parental care and support, and that Wang Anderson had been seen acting in a manner consistent with untreated mental health needs. Filing 154 at 44-45. An ex parte juvenile court order placed the girls in the temporary custody of DHHS, then after a hearing, the juvenile court continued DHHS's temporary custody. Filing 154 at 45-46.

On January 28, 2014, the Douglas County Attorney petitioned the juvenile court to terminate Wang Anderson's parental rights. Filing 154 at 75. The juvenile court dismissed the termination petitions, but the girls were finally adjudicated as being juveniles within the meaning of Neb. Rev. Stat. § 43-247(3). Filing 154 at 81.

In May 2016, the juvenile court changed the permanency objective for X.C.W. to independent living. Filing 154 at 121. She moved to another foster home, then to an "independent living arrangement," then to a dormitory at the University of Nebraska-Lincoln. Filing 154 at 121. But in December 2016, she was returned to her foster home. Filing 154 at 123. After that, she was sent to another foster placement, where she remained when this complaint was filed. Filing 154 at 124.

Wang Anderson asserts several federal and state-law claims against sixty-nine different defendants, on behalf of herself and X.C.W. Filing 154 at 1-2. She claims a number of federal constitutional violations, including violation of the rights to due process and familial association, unlawful seizure, a deliberately indifferent failure to protect, retaliation for constitutionally protected activity, violation of Wang Anderson's First Amendment rights, and discrimination against Wang Anderson because of her Chinese origin. Filing 154 at 124-30, 137-47. She also claims X.C.W. wasn't provided with accommodations required by § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Filing 154 at 147-48. And, she says, she and X.C.W. were denied statutory rights arising under 42 U.S.C. §§ 621 *et seq.* & 670 *et seq.* Filing 154 at 150-57. Finally, she asserts state-law claims including negligence, negligent and intentional infliction of emotional distress, and a civil rights claim pursuant to Neb. Rev. Stat. § 20-148. Filing 154 at 131-37, 148-50.

Specifically, as to Christian Heritage, Wang Anderson asserts her constitutional policy-or-custom claims, negligence, § 20-148, and negligent and intentional infliction of emotional distress. Filing 154 at 126, 130, 142-43, 148-49. Christian Heritage moves to dismiss her claims for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Filing 280.

## II. STANDARD OF REVIEW

A motion pursuant to Rule 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). It appears that the defendants are advancing a "facial attack" to subject matter jurisdiction, based on the pleadings. *See Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). Accordingly, the Court restricts itself to the pleadings and Wang Anderson receives the same protections as she would defending against a motion brought under Rule 12(b)(6). *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

## III. DISCUSSION

Christian Heritage's motion to dismiss raises only three discrete issues: (1) whether Wang Anderson has standing to pursue relief as "next friend" of X.C.W., (2) whether the Court should abstain pursuant to the *Younger*

abstention doctrine, and (3) whether Wang Anderson's claims are barred by the *Rooker-Feldman* doctrine. Filing 281.[1]

### 1. STANDING/REAL PARTY IN INTEREST

The Court already held that Wang Anderson could not assert claims on X.C.W.'s behalf, and dismissed X.C.W.'s claims without prejudice. Filing 481 at 9-13, 36. The Court will grant Christian Heritage's motion to dismiss to that extent, for the reasons previously explained by the Court. *See* filing 481 at 9-13. Only Wang Anderson's own claims remain at issue here.

### 2. *YOUNGER* ABSTENTION

Christian Heritage argues that the Court should abstain from addressing Wang Anderson's claims in deference to the state juvenile court. Filing 281 at 6. Generally, federal courts are obliged to decide cases within the scope of federal jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). But there are certain instances in which the prospect of unduly interfering with state proceedings counsels against federal relief. *Id.*

*Younger* abstention arises in one such class of cases. *See id.*; *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Under *Younger*, "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining

---

[1] The Court has also noted the suggestion in Christian Heritage's reply brief that the allegations in the complaint are insufficient to state a claim against Christian Heritage. Filing 423 at 6. While there may be some force to that argument, for reasons the Court has detailed in other orders, the Court concludes that it was newly presented in Christian Heritage's reply brief, depriving Wang Anderson of a chance to meaningfully respond. So, the Court declines to consider it. *See Torgeson v. Unum Life Ins. Co. of Am.*, 466 F. Supp. 2d 1096, 1121 (N.D. Iowa 2006). Whether Christian Heritage's argument might have merit if asserted in a Rule 12(c) motion is something the Court does not consider at this time.

the state prosecution." *Sprint Commc'ns*, 571 U.S. at 72. The Supreme Court has extended *Younger* abstention "to particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 72-73. But abstention is not in order simply because a pending state-court proceeding involves the same subject matter. *Id.* at 72.

If the juvenile court proceedings relating to X.C.W. and Y.C.W. were ongoing, this case *might* be one of the "exceptional" cases in which *Younger* abstention is appropriate. *See id.* at 73, 77; *Moore v. Sims*, 442 U.S. 415, 433-35 (1979). But *Younger* abstention is not applicable where state proceedings are no longer pending. *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992); *see Steffel v. Thompson*, 415 U.S. 452, 462 (1974); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998). So, *Younger* abstention is inapplicable here.

### 3. ROOKER-FELDMAN DOCTRINE

Finally, Christian Heritage argues that Wang Anderson's claims are barred by the *Rooker-Feldman* doctrine. Filing 281 at 9-10; *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Under that doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments," *Lance v. Dennis*, 546 U.S. 459, 463 (2006), and Christian Heritage contends that the juvenile court's orders qualify. Filing 281 at 9-10.

*Rooker-Feldman* holds that pursuant to 28 U.S.C. § 1257, federal district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Shelby Cty. Health Care Corp. v. S. Farm Bureau*

*Cas. Ins. Co.*, 855 F.3d 836, 840 (8th Cir. 2017). But § 1257 does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* (cleaned up).

Given the narrow scope of the *Rooker-Feldman* doctrine, the Court concludes it is inapplicable here, at least as to the claims asserted against Christian Heritage. The Court has not been asked to review and reject the juvenile court's orders, even if Wang Anderson's claims are inconsistent with some of the juvenile court's conclusions. *See Dornheim v. Sholes*, 430 F.3d 919, 923-24 (8th Cir. 2005); *Heartland Acad. Cmty. Church v. Waddle*, 335 F.3d 684, 689 (8th Cir. 2003); *see also Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 310 (6th Cir. 2010); *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1194 (10th Cir. 2010); *Brokaw v. Weaver*, 305 F.3d 660, 668-69 (7th Cir. 2002); *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 491-92 (3d Cir. 1997). So, those claims are not barred by § 1257.[2]

## IV. CONCLUSION

Accordingly, Christian Heritage's motion to dismiss will be granted to the extent that the Court has already dismissed X.C.W.'s claims, but the balance of Christian Heritage's motion will be denied.

---

[2] To be clear: *Rooker-Feldman* may be implicated by other claims against other defendants, if those claims were more directly disposed of by the juvenile court in a final judgment.

IT IS ORDERED that Christian Heritage Children's Home's Motion to Dismiss (filing 280) is granted in part and denied in part.

Dated this 16th day of August, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge