IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHERINE YANG WANG ANDERSON, | |
| Plaintiff, | 4:17-CV-3073 |
| vs. | MEMORANDUM AND ORDER |
| THE STATE OF NEBRASKA, et al., | |
| Defendants. | |

This matter is before the Court on motions filed by KVC Behavioral Healthcare Nebraska, Inc. (filing 576) and Alegent Creighton Clinic and Shashi Bhatia (filing 579) to certify the Court's orders dismissing the plaintiff's claims against them as final judgments pursuant to Fed. R. Civ. P. 54(b). Those motions will be denied.

Rule 54(b) provides, in relevant part, that an order adjudicating the rights and liabilities of one or more, but fewer than all of the parties, does not end the action as to those parties—unless the Court directs entry of a final judgment after expressly determining that there is no just reason for delay. But Rule 54(b) is to be used sparingly. *Jones v. W. Plains Bank & Tr. Co.*, 813 F.3d 700, 702 (8th Cir. 2015). Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. *Id.* at 703. Factors that should be considered in determining whether such danger of hardship or injustice exists include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the

> possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585-86 (8th Cir. 2016).

Here, the movants suggest that they will be subjected to hardship because the case could still take a long time, and they might be prejudiced by that delay if the claims against them were ultimately revived, by this Court or on appeal. *See* filing 577 at 12-14. But that presents one of the fundamental problems with their motion: Rule 54(b) was intended to *permit* a party to take an interlocutory appeal, not *force* an opposing party to take an interlocutory appeal. *See Nix v. Sword*, 168 F.3d 490 (6th Cir. 1998); *Stewart v. Gates*, 277 F.R.D. 33, 36-37 (D.D.C. 2011); *Fisher v. Pelstring*, 817 F. Supp. 2d 791, 829 (D.S.C. 2011); *Northway, Inc. v. TSC Indus., Inc.*, 361 F. Supp. 108, 117 (N.D. Ill. 1973). Compelling the plaintiff to take an interlocutory appeal now might serve the movants' interests, but could only further delay the proceedings as to the remaining defendants by diverting the plaintiff's attention from this Court. *See Fisher*, 817 F. Supp. 2d at 829; *Meade v. Parsley*, No. 2:09-CV-388, 2010 WL 3432821, at *1 (S.D. W.Va. Aug. 31, 2010); *Northway*, 361 F. Supp. at 117. And it would

> effectively invert the purpose of Rule 54(b) from one of enhancing the appellate rights of a losing party in circumstances when delay of an appeal would cause undue hardship or possible injustice, to one in which a prevailing party could prematurely force an appeal

of part of a case by a losing party, who must comply with timeliness requirements for exercising appellate rights.

*Stewart*, 277 F.R.D. at 36.

Furthermore, it would squarely implicate the interest in preventing piecemeal appeals. Interlocutory appeals are generally disfavored, and only a special warrants an immediate appeal from a partial resolution of the lawsuit. *Dean v. Cty. of Gage*, 807 F.3d 931, 937-38 (8th Cir. 2015). The Court must evaluate the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units. *See id*. at 938. And here, the claims are clearly interrelated.

In arguing to the contrary, the movants insist that factually, the claims against them are distinct from the claims against other defendants. *See* filing 577 at 10-12. But that argument doesn't survive even a cursory review of the orders dismissing them. Alegent and Bhatia were dismissed by an order that applied essentially the same reasoning to three sets of defendants. *See* filing 486. KVC got its own order, but the issues that were decided in its favor were essentially the same issues that were discussed with respect to nearly all of the other defendants. *See* filing 490; *see generally* filing 568. And factually, although there are distinct allegations as to each of the moving defendants, those allegations are presented in a context that intertwines them with the allegations against each of the other defendants.

Simply put, "[w]here each claim requires familiarity with the same nucleus of facts and involves analysis of similar legal issues, the claims should be resolved in a single appeal." *Id*. (quotation omitted). The relationship here between the adjudicated and unadjudicated claims is obvious, as is the probability—if not certainty—that some of the same issues would be presented more than once to a reviewing court. And that's all on top of the inefficiency

and unfairness of forcing the plaintiff, against her will, to pursue appeals at the same time that proceedings in this Court move forward.

The movants are rightly concerned with the lack of progress made in this case to this point. *See* filing 577. But the remedy they propose *for them* would benefit them at the expense of the plaintiff and the other defendants, and would generate a substantial risk of delaying case progression even further. This is not a case in which certification of a final judgment is warranted.

IT IS ORDERED:

1. KVC's motion for entry of final judgment (filing 576) is denied.

2. Alegent and Bhatia's motion for entry of final judgment (filing 579) is denied.

3. The plaintiff's motion to extend (filing 582) is denied as moot.

Dated this 5th day of September, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge