IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHERINE YANG WANG ANDERSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE STATE OF NEBRASKA, et al.,<br><br>                    Defendants. | 4:17-CV-3073<br><br><br>ORDER |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation (filing 658) respecting several pending motions, and on the Court's own motion with respect to certain unserved defendants. The Court will adopt the findings and recommendation and direct the plaintiff to show cause why the unserved defendants should not be dismissed.

To begin with, as set forth in the findings and recommendation (filing 658), nearly all of the remaining defendants have filed motions to strike and for sanctions based on the plaintiff's failure to comply with discovery requirements. The findings and recommendation also expressly advised the plaintiff: "A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection." Filing 658 at 8; *see also* NECivR 72.2(a).

The plaintiff has not objected to the findings and recommendation. 28 U.S.C. § 636(b)(1) provides for de novo review only when a party objected to the magistrate's findings or recommendations. *See Peretz v. United States*, 501 U.S. 923, 939 (1991). The failure to file an objection eliminates not only the need for de novo review, but *any* review by the Court. *Thomas v. Arn*, 474 U.S.

140, 149-51 (1985); *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009), *see Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 (8th Cir. 2005). Accordingly, the Court will adopt the findings and recommendation.

In reviewing the record, the Court also observes that there are some defendants who have not appeared. For starters, the operative complaint names 15 John Doe defendants who haven't been named or described since, much less served with process. Filing 154 at 22. The plaintiff will be ordered to show cause why they should not be dismissed. *See* Fed. R. Civ. P. 4(m).

Additionally, the complaint names "Lisa A. Johnson" as a defendant, filing 154 at 8, and she supposedly has been served with process, filing 211, but has not answered or otherwise appeared. The Court has serious reservations about that service of process. The complaint describes Johnson as "employed by [the Nebraska Department of Health and Human Services, Douglas County, and/or Project Harmony as a nurse practitioner." Filing 154 at 8. But the return of service shows that she was served by U.S. Mail at the primary mailing address for Creighton University, where the receipt was signed with an illegible signature. Filing 211.

Serving an individual within a judicial district within the United States may be done by

> (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)    doing any of the following:
>
> > (A)    delivering a copy of the summons and of the complaint to the individual personally;

(B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). So mailing it to the workplace does not satisfy any of the methods for serving process set forth in Rule 4(e)(2). *See Wright v. City of Las Vegas*, 395 F. Supp. 2d 789, 798-99 (S.D. Iowa 2005); *Scherer v. United States*, 241 F. Supp. 2d 1270, 1281-82 (D. Kan. 2003); *Love v. Hayden*, 757 F. Supp. 1209, 1211-12 (D. Kan. 1991). And that's even assuming it's the *right* workplace, and as should be evident, there's no reason to believe that.

State law is no more helpful. The Nebraska Rules of Civil Procedure do not require service by certified mail to be sent to the defendant's residence or restrict delivery to the addressee. *Anthony K. v. Nebraska*, 855 N.W.2d 802, 811 (Neb. 2014); *see* Neb. Rev. Stat. § 25-501.01. However, due process does "require[] notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Anthony K.*, 855 N.W.2d at 811. Service at a business address (particularly for a large employer) that may or may not be the defendant's, received by an unknown person, is obviously not sufficient. *See id*.

Accordingly, the Court will also direct the plaintiff to show cause why Johnson should not be dismissed for failure to serve process. *See* Rule 4(m).

IT IS ORDERED:

1.    The Magistrate's Findings and Recommendation (filing 658) are adopted.

- 3 -

2.     Christian Heritage and Project Harmony's motion to strike and for sanctions (filing 636) is granted.

3.     The County defendants' motion to strike and for sanctions (filing 639) is granted.

4.     The NFC defendants' motion to strike and for sanctions (filing 644) is granted.

5.     Suzanne Haney's motion to strike and for sanctions (filing 648) is granted.

6.     Papillion LaVista Community Schools' motion to strike and for sanctions (filing 650) is granted.

7.     The plaintiff's claims against the following defendants are dismissed with prejudice, and they are terminated as parties:

- County of Douglas
- Nebraska Families Collaborative
- Mark Gentile
- Brenda Wheeler
- Chad A. Miller
- Deanna "Nina" Sheller
- Sara Smith
- Evan Winans
- Nicole Paul
- Anna Richardson
- David Newell
- Anne Petzel
- Jennifer Richey
- Papillion LaVista Community Schools

- Christian Heritage Children's Home
- Daniel Little
- Project Harmony
- Suzanne Haney
- Melissa Nance

8.  The plaintiff shall show cause, on or before June 8, 2020, why her claims against John Does 1-15 and Lisa A. Johnson should not be dismissed pursuant to Rule 4(m).

9.  The NFC defendants' motion for summary judgment (filing 627) is denied without prejudice as moot.

Dated this 27th day of May, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge