IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHERINE YANG WANG ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEBRASKA, COUNTY OF DOUGLAS, NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, NEBRASKA FAMILIES COLLABORATIVE, MARK GENTILE, BRENDA WHEELER, CHAD A. MILLER, JENNIFER WHITE, DEANNA "NINA&QUOT SHELLER, SARA SMITH, EVAN WINANS, NICOLE PAUL, ANNA RICHARDSON, DAVID NEWELL, ANNE PETZEL, JENNIFER RICHEY, CARLA HEATHERSHAW-RISKO, PAPILLION LAVISTA COMMUNITY SCHOOLS, CHRISTIAN HERITAGE CHILDREN'S HOME, JOHN DOES 1-15, DANIEL LITTLE, PROJECT HARMONY, LISA A. JOHNSON, SUZANNE HANEY, M.D.; and MELISSA NANCE,,<br><br>Defendants. | 4:17CV3073<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Defendants State of Nebraska, Nebraska Department of Health and Human Services ("DHHS"), Carla Heathershaw-Risko ("Heathershaw-Risko") and Jennifer White's ("White") (collectively, "Defendants") Motion to Strike and for Sanctions (Filing No. 661). Defendants request that this action be dismissed with prejudice and that Plaintiff's Federal Rule of Civil Procedure 26 disclosures be stricken for failure to comply with the Federal Rules of Civil Procedure.

For the reasons explained below, the undersigned will recommend that the motion be granted and that this action be dismissed with prejudice.

## BACKGROUND

Plaintiff filed this action on June 16, 2017, alleging nine causes of action against numerous defendants. (Filing No. 1.) At the time suit was filed, Plaintiff was represented by counsel. Plaintiff's counsel sought leave to withdraw as counsel on August 13, 2019 (Filing No. 573) and the Court granted leave on August 14, 2019 (Filing No. 574). Since that date, Plaintiff has been proceeding *pro se*.

On September 5, 2019, several parties, including Plaintiff, requested an extension of time to file Rule 26 disclosures. (Filing No. 593.) The requests were granted, and the deadline was extended to September 19, 2019. (Filing No. 594.) On September 19, 2019, Plaintiff filed another motion requesting an extension of time to provide Rule 26 disclosures. (Filing No. 598.) The Court granted this request in the Final Progression Order. (Filing No. 602.) The Court gave Plaintiff until October 24, 2019 to serve Rule 26 disclosures.

On October 28, 2019, the Court granted Plaintiff another extension of time to provide Rule 26 disclosures and extended the deadline to November 27, 2019. (Filing No. 606.) On November 27, 2019, Plaintiff filed a "Notice of Serving and Initial Disclosures," which stated: "asking all of the defendants as my witnesses." (Filing No. 619.) On December 18, 2019, Defendants Douglas County, Mark Gentile ("Gentile"), Chad Miller ("Miller"), and Brenda Wheeler ("Wheeler") filed a motion to compel Plaintiff to serve Rule 26 disclosures. (Filing No. 621.) On December 23, 2019, the Court granted the motion to compel and ordered Plaintiff to provide Rule 26 disclosures by December 30, 2019. (Filing No. 622.)

On January 3, 2020, Douglas County, Gentile, Miller, and Wheeler filed a Motion to Show Cause (Filing No. 624) stating Plaintiff had not provided Rule 26 disclosures as ordered by the Court. They also claimed Plaintiff had not responded to their written discovery. On January 6, 2020, the Court ordered Plaintiff to show cause why she had not: (1) complied with the Federal Rules of Civil Procedure and Court rules; (2) complied with the orders of this Court; and (3) responded to written discovery. (Filing No. 626.) The order advised Plaintiff that non-compliance could result in a recommendation that the case be dismissed.

On January 22, 2020, Plaintiff filed a response to the show cause order. (Filing No. 631.) Plaintiff stated she had submitted Rule 26 disclosures by the deadline. She also claimed she was searching for an attorney to represent her and was not aware she needed to request an extension of time to respond to written discovery. Plaintiff requested that she be given a 30-day extension of her deadline to respond to written discovery.

On January 24, 2020, the undersigned ordered Plaintiff to respond to the written discovery and provide supplemental Rule 26 disclosures in full compliance with the Federal Rules of Civil Procedure. (Filing No. 632.) Plaintiff was given until February 7, 2020 to do so. Plaintiff was advised that failure to comply would result in a recommendation that the case be dismissed. The Court further advised that no extensions of the February 7 deadline would be given without a substantial showing of good cause.

On February 7, 2020, Plaintiff filed a "Motion to Compel"[1] indicating she had re-served initial disclosures. (Filing No. 635.) She also asked the Court to compel the defendants to provide complete responses to her written discovery. Plaintiff stated she had found inconsistencies and blank pages in the defendants' document production. She also stated certain defendants refused to provide documents and/or had not responded. She asked that she be given until fourteen days following the defendants' document production to provide her own discovery responses.

On February 10, 2020, Defendants Christian Heritage Children's Home ("Heritage") and Project Harmony filed a Motion to Strike and for Sanctions (Filing No. 636), requesting that Plaintiff's initial disclosures be stricken and that this suit be dismissed due to Plaintiff's failure to engage in discovery. Heritage and Project Harmony argued Plaintiff's supplemental Rule 26 disclosures were deficient because Plaintiff did not (1) identify any individuals at either Heritage or Project Harmony whom she alleges to have discoverable information that she may use to support her claims; (2) identify any subjects of information upon which she believes any individual (named or unnamed) with Heritage or Project Harmony will testify in support of her claims; (3) identify any documents or tangible things that she may use to support her claims; (4) provide a computation of any damages; or (5) sign her initial disclosures to certify that they are complete.

---

[1] Plaintiff incorrectly filed this document as a "statement" on the Court's electronic filing system. She did not submit a brief with her "Motion to Compel."

On February 11, 2020, Defendants Daniel Little ("Little"), Melissa Nance ("Nance"), Nebraska Families Collaborative ("NFC"), David Newell ("Newell"), Nicole Paul ("Paul"), Anne Petzel ("Petzel"), Anna Richardson ("Richardson"), Jennifer Richey ("Rickey"), Deanna Sheller ("Sheller"), Sara Smith ("Smith"), and Evan Winans ("Winans") filed a brief in opposition to Plaintiff's Motion to Compel (Filing No. 635), stating Plaintiff failed to confer before filing her motion. (Filing No. 642.) On that date, these defendants also filed a Motion to Strike and for Sanctions (Filing No. 644), arguing Plaintiff's supplemental Rule 26 disclosures should be stricken and that this action be dismissed.

On February 11, 2020, Douglas County, Gentile, Miller, and Wheeler also filed a Motion to Strike and for Sanctions (Filing No. 639) requesting that Plaintiff's supplemental initial disclosures be stricken and that this action be dismissed with prejudice due to Plaintiff's failure to comply with the Court's January 24, 2020 order. They joined in the motion filed by Heritage and Project Harmony.

On February 14, 2020, Douglas County, Gentile, Miller, and Wheeler filed a brief in opposition to Plaintiff's Motion to Compel. (Filing No. 646.) The brief stated Plaintiff failed to comply with the Court's January 24, 2020 order because she had not responded to a single discovery request. They requested in their brief that Plaintiff's case be dismissed pursuant to either Federal Rule of Civil Procedure 37(b)(2)(A)(iii), (v), or (vi), or Rule 41(b).

On February 19, 2020, Defendant Suzanne Haney ("Haney") joined in the other defendants' motions (Filing No. 648). On February 28, 2020, Defendant Papillion LaVista Community Schools filed a Motion to Strike and for Sanctions (Filing No. 650), also requesting that Plaintiff's initial disclosures be stricken and that the Complaint be dismissed. The motion indicated that Plaintiff had not responded to discovery served by Papillion-LaVista Community Schools on December 30, 2019.

The undersigned issued a Findings and Recommendation on May 12, 2020 (Filing No. 658) recommending to Chief United States District Court Judge John Gerrard that the defendants' motions to strike and for sanctions (Filing Nos. 636, 639, 644, 648, 650) be granted and that this action be dismissed with prejudice.

On May 27, 2020, Plaintiff filed an untimely motion requesting an extension of time to respond the undersigned's Findings and Recommendation. (Filing No. 660.) Judge Gerrard denied Plaintiff's motion, finding Plaintiff had not shown excusable neglect for her failure to file a timely motion to extend and that Plaintiff's lack of counsel did not justify further delay in this case. (Filing No. 664.)

Chief Judge Gerrard adopted the undersigned's Findings and Recommendation on May 27, 2020 (Filing No. 659) and dismissed Plaintiff's claims against Douglas County, NFC, Gentile, Wheeler, Miller, Sheller, Smith, Winans, Paul, Richardson, Newell, Petzel, Richey, Papillion LaVista Community Schools, Heritage, Little, Project Harmony, Haney and Nance with prejudice. Judge Gerrard further ordered Plaintiff to show cause, on or before June 8, 2020, why her claims against Defendants John Does 1-15 and Lisa A. Johnson ("Johnson") should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

On May 28, 2020, Defendants State of Nebraska, DHHS, Heathershaw-Risko, and White filed the instant Motion to Strike and for Sanctions (Filing No. 661) requesting that the Court strike Plaintiff's purported initial disclosures and dismiss this action against them, as the Court had already done for other defendants.

On June 8, 2020, Plaintiff filed a motion requesting additional time to show cause why her claims against John Does 1-15 and Johnson should not be dismissed. (Filing No. 665.) As grounds for the extension, Plaintiff cited her need for an attorney to represent her in this case. On June 9, 2020, Judge Gerrard entered an order (Filing No. 666) denying Plaintiff's motion to extend and dismissing Plaintiff's claims against John Does 1-15 and Johnson without prejudice. Judge Gerrard found that Plaintiff's need to hire counsel did not justify further delay in the progression of this case.

On June 11, 2020, Plaintiff filed a motion requesting an extension of time to respond to the pending Motion to Strike and for Sanctions. (Filing No. 667.)

**DISCUSSION**

In their Motion to Strike and for Sanctions, Defendants argue this action should be dismissed with prejudice due to Plaintiff's failure to provide adequate Rule 26 as ordered by the Court on January 24, 2020.

Dismissal may be ordered under Federal Rule of Civil Procedure 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Unless otherwise specified, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "[W]hat constitutes a failure to prosecute is not fixed by settled rules, but depends on the particular facts and circumstances in a case." *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

"Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984). "Although dismissal with prejudice is a severe sanction, the court may impose such a sanction where the plaintiff has engaged in a pattern of intentional delay." *First Gen. Resources Co. v. Elton Leather Corp*, 958 F.2d 204, 206 (8th Cir. 1992). "A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff acted intentionally as opposed to accidentally or involuntarily." *Arnold v. ADT Security Services, Inc.,* 627 F.3d 716, 722 (8th Cir. 2010) (quotation omitted). Dismissal for failure to prosecute is left to the district court's discretion. *Navarro*, 523 F.2d at 216-17.

Having carefully considered the matter, the undersigned will recommend that this action be dismissed with prejudice. The Court ordered Plaintiff to provide Rule 26 disclosures in full compliance with the Federal Rules of Civil Procedure[2] due to the deficiencies of her earlier

---

[2] Under Federal Rule of Civil Procedure 26(a)(1), a party must, without awaiting a discovery request, provide to the other parties: (1) the name and, if known, address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (2) a copy, or a description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (3) a computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Federal Rule of Civil Procedure 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on

disclosures. To date, Plaintiff has not done so. Plaintiff's supplemental disclosures do not provide the information required by Rule 26. For example, Plaintiff's supplemental disclosures do not identify any documents or tangible things that she may use to support her claims, nor do they provide a computation of damages. (Filing No. 637-3.) Although the supplemental disclosures name individuals, they do not identify the subjects of information possessed by those individuals. Also, with the exception of one address, the only contact information provided for individuals identified in the disclosures are those of the attorneys involved in the case. Moreover, the supplemental disclosures are not signed and thus do not certify that they are correct and complete. "Although *pro se* pleadings are to be construed liberally, *pro se* litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984).

Plaintiff was advised that failure to provide disclosures complying with Rule 26 would result in a recommendation that the case be dismissed. Plaintiff has been given multiple opportunities to provide proper Rule 26 disclosures. She was given three extensions of time to prepare disclosures and then given a chance to cure deficiencies in her disclosures. Despite these extensions, repeated opportunities, and the Court's order directing her to comply with the Federal Rules of Civil Procedure, she has failed to provide proper disclosures.

Given Plaintiff's history of non-compliance with the Court's orders and Federal Rules of Civil Procedure, the undersigned is confident that imposition of a sanction less severe than dismissal would be futile. The undersigned does not anticipate Plaintiff will comply with future Court orders or other litigation obligations. Moreover, Plaintiff's failure to diligently pursue this lawsuit has prejudiced Defendants. This case was filed nearly three years ago. However, Plaintiff has still not provided proper Rule 26 disclosures. Plaintiff's failure to diligently pursue this lawsuit has not only caused delay but has also caused Defendants to incur needless costs to cause Plaintiff

---

the nature and extent of injuries suffered; and (4) for inspection and copying as under Federal Rule of Civil Procedure 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Fed. R. Civ. P. 26(a)(1). Rule 26(g)(1) further requires that parties sign all disclosures made under Rule 26(a)(1) to certify that the disclosures and correct and complete as of the time they are made. Fed. R. Civ. P. 26(g)(1).

to follow her litigation obligations. The undersigned concludes that a sanction less severe than dismissal would not remedy the effect of the prejudice on Defendants.

Plaintiff requested an extension of time to respond to this Motion to Strike and for Sanctions. (Filing No. 667.) Plaintiff relies on her lack of counsel as a basis for seeking the extension. Plaintiff apparently has been in search of counsel since at least September 2019. (Filing No. 600.) Plaintiff cannot continue to cite her lack of counsel for her failure to comply with the orders of this Court and Federal Rules of Civil Procedure. As Judge Gerrard found in his order denying Plaintiff's motion for extension of time to object to the Findings and Recommendation, "[e]quity does not permit, much less require, this case to be interminably maintained in suspended animation waiting for something the Court has no reason to believe will ever happen." (Filing No. 664.) Plaintiff has given no indication that her search for counsel is nearing completion or will even ever occur. Plaintiff has been given numerous extensions of time and there is no good cause to delay this case any longer.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for an extension of time to respond to the Motion to Strike and for Sanctions (Filing No. 667) is denied.

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge John Gerrard that the Motions to Strike and for Sanctions (Filing No. 661) be granted and that this action be dismissed with prejudice.

Dated this 15th day of June, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.