IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHERINE YANG WANG ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEBRASKA, COUNTY OF DOUGLAS, NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, NEBRASKA FAMILIES COLLABORATIVE, MARK GENTILE, BRENDA WHEELER, CHAD A. MILLER, JENNIFER WHITE, DEANNA "NINA&QUOT SHELLER, SARA SMITH, EVAN WINANS, NICOLE PAUL, ANNA RICHARDSON, DAVID NEWELL, ANNE PETZEL, JENNIFER RICHEY, CARLA HEATHERSHAW-RISKO, PAPILLION LAVISTA COMMUNITY SCHOOLS, CHRISTIAN HERITAGE CHILDREN'S HOME, JOHN DOES 1-15, DANIEL LITTLE, PROJECT HARMONY, LISA A. JOHNSON, SUZANNE HANEY, M.D.; and MELISSA NANCE,,<br><br>Defendants. | 4:17CV3073<br><br>ORDER |

    This matter is before the Court on Plaintiff's Motion to Allow Plaintiff's Amended Rule 26(a) Disclosures and to Allow Service on Remaining Defendants Out of Time. (Filing No. 671.) The motion will be denied.

**BACKGROUND**

Plaintiff filed this action on June 16, 2017, alleging nine causes of action against numerous defendants. (Filing No. 1.) At the time suit was filed, Plaintiff was represented by counsel. Plaintiff's counsel sought leave to withdraw on August 13, 2019 (Filing No. 573) and the Court granted leave on August 14, 2019 (Filing No. 574). Plaintiff then began proceeding *pro se*.

The undersigned issued a Findings and Recommendation on May 12, 2020 (Filing No. 658) recommending to Chief United States District Court Judge John Gerrard that Plaintiff's claims against certain defendants be dismissed with prejudice. The undersigned determined dismissal was warranted due to Plaintiff's failure to comply with Court orders, produce discovery, and provide Federal Rule of Civil Procedure 26 disclosures in full compliance with the Federal Rules of Civil Procedure. The undersigned also found Plaintiff's failure to comply with a Court order was willful and intentional. The undersigned concluded that given Plaintiff's history of non-compliance with court orders and the Federal Rules of Civil Procedure, imposition of a sanction less than dismissal would be futile.

Chief Judge Gerrard adopted the Findings and Recommendation on May 27, 2020 (Filing No. 659) and dismissed Plaintiff's claims against Defendants Douglas County, Nebraska Families Collaborative, Mark Gentile, Brenda Wheeler, Chad Miller, Deanna Sheller, Sara Smith, Evan Winans, Nicole Paul, Anna Richardson, David Newell, Anne Petzel, Jennifer Richey, Papillion LaVista Community Schools, Christian Heritage Children's Home, Daniel Little, Project Harmony, Suzanne Haney, and Melissa Nance with prejudice. Chief Judge Gerrard further ordered Plaintiff to show cause, on or before June 8, 2020, why her claims against Defendants John Does 1-15 and Lisa A. Johnson ("Johnson") should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

On May 28, 2020, Defendants State of Nebraska, Nebraska Department of Health and Human Services ("DHHS"), Carla Heathershaw-Risko ("Heathershaw-Risko"), and Jennifer White ("White") (collectively, "Defendants") filed a Motion to Strike and for Sanctions (Filing No. 661) requesting that the Court strike Plaintiff's Rule 26 disclosures and dismiss this action against them with prejudice, as the Court had already done for other defendants.

The undersigned entered a Findings and Recommendation on June 15, 2020, recommending that the Motion to Strike and for Sanctions be granted and that Plaintiff's claims against Defendants be dismissed with prejudice. (Filing No. 668.) The undersigned found Plaintiff still had not provided Rule 26 disclosures in compliance with the Federal Rules of Civil Procedure. The undersigned noted that Plaintiff had been given multiple opportunities to provide proper Rule 26 disclosures, but despite repeated opportunities and the Court's order directing her to comply with the Federal Rules of Civil Procedure, she failed to provide proper disclosures. The undersigned again concluded that given Plaintiff's history of non-compliance with the Court's orders and Federal Rules of Civil Procedure, imposition of a sanction less severe than dismissal with prejudice would be futile.

On June 9, 2020, after Plaintiff failed to show cause why her claims against John Does 1-15 and Johnson should not be dismissed, Chief Judge Gerrard dismissed Plaintiff's claims against these defendants without prejudice. (Filing No. 666.) Chief Judge Gerrard found that service of process on Johnson was deficient and that there was no reason to believe that, three years into this case, the John Doe defendants would ever be identified or served with process. Chief Judge Gerrard also stated that Plaintiff's need to retain new counsel did not justify further delay in the progression of this case.

On June 26, 2020, Plaintiff retained her previous counsel to resume her representation in this proceeding. (Filing No. 671.) On June 29, 2020, through counsel, Plaintiff filed an objection to the undersigned's May 28, 2020 Findings and Recommendation, arguing dismissal with prejudice is too severe a sanction for Plaintiff's transgressions and that Plaintiff has now retained counsel so imposition of a sanction less than dismissal with prejudice would not be futile. Plaintiff also filed the instant motion for permission to make amended Rule 26(a)(1) disclosures and to serve the amended disclosures out of time.

## DISCUSSION

Plaintiff contends good cause exists for her to serve amended Rule 26 disclosures because she retained counsel. Plaintiff represents that her amended Rule 26 disclosures were provided to Defendants' counsel on June 29, 2020—the day she filed this motion.

3

Other than pointing to her recent retention of counsel, Plaintiff has presented no reason why amendment of her disclosures and service out of time should be permitted. This action was filed on June 16, 2017. Following multiple extensions of time, the deadline for Plaintiff's initial disclosures was November 27, 2019. (Filing No. 606.) Yet, as of June 28, 2020, Plaintiff had not provided proper disclosures. Plaintiff's argument in support of her motion does not justify or provide good cause for amendment and service out of time. Plaintiff's decision to retain counsel at this late point in the proceedings does not excuse her past transgressions, nor does it change the prejudice sustained by Defendants due to Plaintiff's failure to diligently pursue this lawsuit.

The undersigned has already recommended that this action be dismissed with prejudice due to Plaintiff's failure to comply with court orders and provide proper Rule 26 disclosures. The undersigned finds no reason to reconsider this recommendation. The undersigned continues to believe dismissal with prejudice is warranted due to her lack of diligence and the prejudice, in the form of needless expense and time expenditure, sustained by Defendants on account of Plaintiff's continued delay of this litigation. Given the undersigned's recommendation of dismissal, there is no reason for Plaintiff to serve amended disclosures.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Allow Plaintiff's Amended Rule 26(a) Disclosures and to Allow Service on Remaining Defendants Out of Time (Filing No. 671) is denied.

Dated this 20th day of July, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge