IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHERINE YANG WANG ANDERSON, | |
| Plaintiff, | 4:17-CV-3073 |
| vs. | MEMORANDUM AND ORDER |
| THE STATE OF NEBRASKA, et al., | |
| Defendants. | |

This matter is before the Court on the plaintiff's objection (filing 670) to the Magistrate Judge's findings and recommendation (filing 668) recommending that the Court grant the State Defendant's motion (filing 661) to strike and for sanctions, and dismiss the plaintiff's claims against them. The plaintiff, through her newly-returned counsel, contends that dismissal is too harsh a sanction because she is now willing and able to provide discovery. *See* filing 670.

The Court recognizes that dismissal as a discovery sanction is to be rarely employed, "because the opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 940-41 (8th Cir. 2000) (quotations omitted). Fairness requires the Court to consider whether a lesser sanction is available or appropriate. *Id.*

But for the reasons persuasively explained by the Magistrate Judge, *see* filing 668, a lesser sanction would not be appropriate here. The burden imposed on the defendants by this intractable and (until now) interminable litigation is already unreasonable. Forcing the defendants to spend their time and resources trying fruitlessly to obtain even the most basic discovery during the

10-month hiatus created by the plaintiff's decision to discharge her lawyer is not something the Court is prepared to just let slide. The plaintiff's election to rehire the same lawyer she fired, just as the clock was almost literally striking midnight, does not expunge that conduct. [1] (Nor, given the Court's experience with this case and its previous observations regarding the conduct of this litigation, is it particularly reassuring.)

Nor would a lesser sanction suffice. While a variety of sanctions are generally available to deal with a contumacious litigant, *see* Fed. R. Civ. P. 37(b)(2)(A), none of those sanctions (except dismissal) are appropriate given the plaintiff's procedural posture in this case. It would be unfair to the few remaining defendants to make them bear the burden of this litigation solely because everyone else made it to the exit before counsel reappeared. It it is apparent from the plaintiff's *pro se* filings that she is unable to pay a monetary sanction.[2] And as the Eighth Circuit has explained, "[a]dverse parties are not obligated to expend time and money pursuing legitimate motions for sanctions only to have courts allow last minute rescues. Courts cannot be willing participants in such improper uses of discovery mechanisms." *Keefer*, 238 F.3d at 941 n.6. Counsel's reappearance at 6 pm on the final day to object to the

---

[1] The Court is cognizant of the need to consider whether the plaintiff's conduct was willful or in bad faith. *See Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014). That's a complicated call in this case, because of the plaintiff's apparent inability to proceed without counsel. But the Court is comfortable concluding that because the plaintiff voluntarily decided to discharge her counsel, her subsequent noncompliance was at least willful, even if "bad faith" is harder to find.

[2] Nor could the Court, in good conscience, impose a monetary sanction. A full examination of the record will support the Court's belief that dismissal now, without further protracting this litigation, isn't truly a disservice to the plaintiff (even if she doesn't know it).

findings and recommendation was only a few hours from being *literally* as last-minute as such things get. It was still "too little, too late." *See id*.

IT IS ORDERED:

1.    The plaintiff's objection (filing 670) is overruled.

2.    The Magistrate Judge's findings and recommendation (filing 668) are adopted.

3.    The State Defendant's motion to strike and for sanctions (filing 661) is granted.

4.    The plaintiff's claims against the State of Nebraska, the Nebraska Department of Health and Human Services, Jennifer White, and Carla Heathershaw-Risko are dismissed with prejudice, and they are terminated as parties.

5.    A separate judgment will be entered.

Dated this 21st day of July, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge